UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAHTH YAH YAHVAH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>　　　　　Defendant. | NO.  CV 16-4674-MWF (AGR)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

**I.**

**<u>BACKGROUND</u>**

On June 27, 2016, the pro se Plaintiff filed a civil rights complaint against the County of Los Angeles and three social workers, Virginia Lyle, Vanessa Soto and Roshanda Hughes.[1] Plaintiff also filed a request to proceed *in forma pauperis*. Plaintiff sought punitive damages, compensatory damages and the "death penalty for each violator for high treason and child abuse."

---

[1] Plaintiff enclosed documents from two related state cases she filed, *Yahvah v. Dep't of Children and Family Service*, BC586430, and *Yahvah, et al. v. Soto*, BC 594358.  According to the online docket for the Los Angeles County Superior Court, judgment was entered in Case No. BC586430 on April 13, 2016, and dismissal was entered in Case No. BC594358 on May 10, 2016.

On July 5, 2016, the magistrate judge ordered Plaintiff to show cause why the complaint should not be subject to dismissal for failure to state any claim for relief. The sections of the form complaint entitled "statement of facts" and "claims" were left blank. The Order to Show Cause advised that Plaintiff may file a First Amended Complaint ("FAC") that contains her claims and factual allegations.

On July 29, 2016, Plaintiff filed a FAC. Pursuant to the Prison Litigation Reform Act, the Court has screened the FAC to determine whether it fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

The Court's screening is governed by the following standards. A complaint may be dismissed for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citations omitted).

A pro se complaint is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Before dismissing a pro se civil rights complaint for failure to state a claim, the plaintiff should be given a statement of the complaint's deficiencies and an opportunity to cure them unless it is clear the deficiencies cannot be cured by amendment. *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987).

2

## II.

## ALLEGATIONS IN FIRST AMENDED COMPLAINT

Plaintiff contends that the County of Los Angeles ("County") "continues to impede upon my religious, human, and God-given rights to raise my child, healthily, without the interference of its racketeer agents." (FAC at 3.)

Plaintiff alleges that Terry M. Truong, a judicial officer who presided or is presiding over proceedings in Los Angeles County Superior Court, made unfounded and slanderous conclusions about her parenting. (*Id.* at 4.) The court takes judicial notice that Terry M. Truong is a Commissioner of the Los Angeles County Superior Court. Fed. R. Evid. 201.

Plaintiff alleges that Defendant Vanessa Soto, a County social worker, "continues to turn in falsified reports to the courts, while her supervisor, [Defendant] Virginia Lyle signs off on them." (*Id.*) Plaintiff alleges that she contacted their supervisors with her concerns but nothing has been done. Plaintiff alleges that the agency used a "criminal with an extensive history of domestic violence and child abuse as their sole witness." (*Id.* at 5.) Plaintiff alleges that Defendant Roshanda Hughes falsified her reports, used photographs of a bedroom "as evidence of neglect" and presented a witness with a criminal history and record of domestic abuse. (*Id.* at 6.)

Plaintiff further alleges that on May 7, 2015, during Plaintiff's visitation with her then five-year-old daughter at a Department of Child and Family Services ("DCFS") office, a Dependency Investigator named Maryanne Duffy remarked that the daughter's hair looked "much better" braided than it looked "in its natural state." Plaintiff complained to Duffy's supervisor but no action was taken.

## III.

## WITNESS IMMUNITY

Witnesses enjoy absolute immunity from civil liability for their sworn statements in court proceedings, even if those statements are known to be false

3

and made with malice. *See Rehberg v. Paulk*, 132 S. Ct. 1497, 1505 (witness at trial or grand jury proceeding has absolutely immunity under § 1983 as to any claim based on his or her testimony even if allegedly false). The Court declined to create an exception for law enforcement witnesses. *Id.* at 1505-06. "[T]his rule may not be circumvented by claiming that a . . . witness conspired to present false testimony or by using evidence of the witness' testimony to support any other § 1983 claim concerning the initiation or maintenance of a prosecution." *Id.* at 1506. The Court explained that without absolute immunity, "the truth-seeking process at trial would be impaired. Witnesses 'might be reluctant to come forward to testify,' and even if a witness took the stand, the witness 'might be inclined to shade his testimony in favor of the potential plaintiff' for 'fear of subsequent liability.'" *Id.* at 1505 (quoting *Briscoe v. LaHue*, 460 U.S. 325, 333 (1983).

Social workers also have absolute immunity when they make discretionary decisions to institute court dependency proceedings to take custody away from parents. *Beltran v. Santa Clara Cnty.*, 514 F.3d 906, 908 (9th Cir. 2008) (en banc).

On the other hand, social workers do not have absolute immunity for investigatory conduct or making false statements in a dependency petition affidavit signed under penalty of perjury. *Id.* at 908-09.

If Plaintiff chooses to file a Second Amended Complaint against a social worker, she must satisfy these legal standards.

**IV.**

***MONELL* CLAIMS AGAINST THE COUNTY**

A local government is not automatically liable for the acts of its employees. Instead, a local governmental entity may be held liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts

4

the injury." *Monell v. Department of Social Service of the City of New York*, 436 U.S. 658, 694 (1978). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011); *see Monell*, 436 U.S. at 690-91, 694. A local governmental entity is liable only if there is "a direct causal link" between its policies or customs and the alleged constitutional violation. *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 957 (9th Cir. 2008) (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)).

After *Iqbal*, a plaintiff asserting *Monell* liability should allege the challenged county policies or customs, and allege facts supporting the claims that the social workers' alleged violations were carried out pursuant to those policies or customs. *AE v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012).

If Plaintiff chooses to file a Second Amended Complaint against the County, she must satisfy these legal standards.

## V.

## **JUDICIAL IMMUNITY**

Judicial officers are entitled to judicial immunity. *See Franceschi v. Schwartz*, 57 F.3d 828, 830 (9th Cir. 1994) (commissioner); *see also Parlante v. Peterson*, 323 Fed. Appx. 529, 529 (9th Cir. 2009) (court referee); *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 923 (9th Cir. 2004) (absolute immunity extends to state officials "performing functions analogous to those of . . . a judge"). To the extent Plaintiff seeks monetary damages, "state judges are absolutely immune from liability for their judicial acts." *Briscoe*, 460 U.S. at 334; *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). This is true "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Id.* Judicial immunity applies when a plaintiff alleges the judge erred or failed to comply with due process. *Id.* at 359-60; *Cleavinger v. Saxner*, 474 U.S. 193,

199-200 (1985).  "Nor is judicial immunity lost by allegations that a judge conspired with one party to rule against another party." *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996).

Judicial immunity can be overcome only in two circumstances:  (1) "nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity," or (2) actions "taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (per curiam).

It is unclear whether Plaintiff intends to sue Commissioner Truong.  To the extent she does, the FAC does not allege any nonjudicial actions or actions taken in the complete absence of jurisdiction.  If Plaintiff chooses to file a Second Amended Complaint, she must satisfy these legal standards.

**VI.**

***ROOKER-FELDMAN DOCTRINE AND YOUNGER DOCTRINE***

It is not clear whether Plaintiff's proceedings in state court are ongoing or concluded.

Tot the extent Plaintiff's proceedings in state court are ongoing, *Younger* abstention is appropriate to the extent Plaintiff seeks relief from federal court that would interfere with matters pending before the state courts.  *Younger v. Harris*, 401 U.S. 37 (1971).  Such ongoing state court proceedings would implicate important state interests in family relations. Moreover, Plaintiff has an adequate opportunity to litigate federal claims in state court.  *H.C. v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000).

To the extent Plaintiff's proceedings in state court are concluded, the court does not have jurisdiction over a complaint that is a de facto appeal of a state court judgment under the *Rooker-Feldman* doctrine.  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The doctrine applies when "the federal plaintiff . . . complain[s] of a legal injury caused by a state court judgment, based on an allegedly erroneous legal ruling,

in a case in which the federal plaintiff was one of the litigants." *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003).

### VII.
### **ORDER**

For the reasons discussed above, the Court DISMISSES the complaint with leave to amend. Plaintiff shall have 30 days from the entry date of this order to file a Second Amended Complaint that corrects the deficiencies described above. Failure to file a timely amended complaint that corrects the deficiencies may result in dismissal of the action on the merits or for failure to prosecute. Fed. R. Civ. P. 41(b).

If Plaintiff chooses to file a Second Amended Complaint, it must bear the docket number assigned to this case, be labeled "Second Amended Complaint," and be complete in and of itself without reference to the prior complaints, attachments, pleadings or other documents.

The Clerk is DIRECTED to provide Plaintiff with a blank Central District of California civil rights complaint form. Plaintiff must use the blank Central District civil rights complaint form accompanying this order, and sign and date the form.

**IT IS SO ORDERED.**

DATED: August 25, 2016

_____
MICHAEL W. FITZGERALD
United States District Judge